IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STRACK,

      Petitioner,                    No. CIV S-10-1311 GEB DAD P

   vs.

BOARD OF PRISON HEARINGS, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner does not challenge his underlying judgment of conviction. Rather in his habeas application pending before this court he merely claims that a psychological evaluation prepared for the Board of Parole Hearings is defective. Respondents have filed a motion to dismiss the petition for lack of jurisdiction and due to petitioner's failure to demonstrate that his claim relates to a liberty interest protected by the Due Process Clause. Petitioner has filed an opposition to the motion.

**PETITIONER'S HABEAS PETITION**

      Petitioner seeks to challenge the 2008 psychological evaluation prepared by American Correctional Solutions (ACS) on the following grounds: First, petitioner claims that the evaluation conducted by ACS is biased and that ACS has a "conflict of interest" because the

1

Board of Parole Hearings pays for the evaluations and ACS "can be swayed" by the Board "to receive future work." (Petition (Doc. No. 1) at 4.) According to petitioner, prior to 2008 such psychological evaluations were conducted by the Department of Corrections' psychological staff. (Id.) Petitioner alleges that in its 2008 evaluation, ACS concluded that petitioner posed a high risk to re-offend, while disregarding prior evaluations by Department of Corrections' psychological staff that had concluded he would be "'less likely to re-offend than the average parolee.'" (Id. at 5.)

Second, petitioner claims that the ACS evaluation violates his due process rights because the conclusions reached therein are based on his score from the Hare Psychopathy Checklist, rather than on an individualized consideration of petitioner. (Id. at 4.) Petitioner argues that the assessment instrument appears to improperly use "immutable elements, i.e., was the offender an abused or neglected child, did he/she have a normal social interaction/stability, did he/she come from a disenfranchised social strata, did he/she drop out of school, did he/she have juvenile delinquency history, etc." (Id. at 5-6.) Petitioner contends that ACS had acknowledged that there is no definitive research comparing risk of future violence between life term inmates and citizens without a record of violence, and yet ACS concludes that petitioner is high-risk. (Id. at 6.)

Third, petitioner argues that the tests administered by ACS should be administered more than once over a period of time, and yet, ACS rendered their evaluation of him after only one administration of the test. (Id. at 7.)

The court construes the petition as seeking expungement of the psychological evaluation prepared by ACS from his file and to prevent it from being relied upon at future parole suitability hearings.

**MOTION TO DISMISS**

Respondents argue that the court lacks jurisdiction because petitioner's claims do not implicate the duration of his confinement. Respondents contend that the application merely

2

states petitioner's disagreement with the findings of his psychological evaluation and reflects his claim that the psychologist misapplied risk assessment tools in estimating his risk for engaging in violence in the future. (MTD (Doc. No. 10) at 3.) In this regard, respondent contend that "Strack does not claim that the Board denied him parole based on these findings; in fact, he emphasized to the California Supreme Court that his claims only concerned the psychological evaluation and not a specific denial of parole." (Id.) Therefore, respondent argues that the court does not have jurisdiction "simply because it is possible that . . . the psychological findings could affect whether Strack is found suitable for parole at a future parole consideration hearing." (Id.) According to respondent, habeas corpus jurisdiction is only proper where a challenged prison condition, if successful, would necessarily accelerate the prisoner's release. (Id.) Here, respondent argues, petitioner cannot show that expungement of the psychological evaluation from his file would accelerate his release on parole. (Id. at 4.) Rather, respondent notes, the Board considers "'all relevant, reliable information available'" and does not find an inmate suitable or unsuitable for parole based on a single factor. (Id.) Respondent asserts that it is therefore speculative to contend that the Board will deny petitioner parole, either solely or in part, based on the challenged psychological evaluation. (Id.)

      Respondents also argue that petitioner does not have a liberty interest in the findings of the psychological evaluation. (Id.) Respondent contends that under the holding in Sandin v. Connor, 515 U.S. 472, 484 (1995) the challenged psychological evaluation is not a punitive action and does not impose an atypical and significant hardship that would entitle petitioner to due process protections. (Id.) Respondent observes that the Board may accept or reject the findings set forth in the evaluation at a future parole consideration hearing. (Id.) Thus, according to respondent, petitioner cannot show that he has a protected liberty interest to a psychological evaluation with which he agrees. (Id.)

/////

/////

**OPPOSITION**

At the outset his opposition to the pending motion to dismiss, petitioner merely refers to the paragraphs in the motion to dismiss and indicates whether he agrees or disagrees. (Opp'n, (Doc. No. 11).) In his attached memorandum of points and authorities, petitioner argues that because the Board considers all relevant information, the defective psychological evaluation will also be considered. (Id. at 4.) Petitioner states: "So if the evaluation information is wrong and given to 'The Board' the inmate will be found unsuitable for parole." (Id.) Petitioner asserts that he has "a liberty interest in psychological findinggs. [sic]" (Id.) Lastly, petitioner contends that he has "shown how the psychological evaluation is flawed" and this is supported by a special report issued by the California Office of the Inspector General in July of 2010. (Id. at 5.)

**ANALYSIS**

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Respondents' motion to dismiss is brought pursuant to Rule 4.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, habeas jurisdiction also exists where expungement of a prison record is "'likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). In Ramirez, the prisoner bought a civil rights action to challenge the procedures used in a prison disciplinary hearing and an administrative appeal following a disciplinary conviction. The Ninth Circuit concluded that a civil rights action was the

1   appropriate vehicle by which the prisoner should present his claim and that habeas jurisdiction is

2   absent "where a successful challenge . . . will not necessarily shorten the prisoner's sentence."

3   The court further explained as follows:

4         Here, if successful, Ramirez will not necessarily shorten the length
         of his confinement because there has been no showing by the State
5         that the expungement Ramirez seeks is likely to accelerate his
         eligibility for parole. . . . [I]f Ramirez is successful in attacking
6         the disciplinary hearing and expunging his sentence, "[t]he parole
         board will still have the authority to deny [his] request[] for parole
7         on the basis of any of the grounds presently available to it in
         evaluating such a request." Neal, 131 F.3d at 824. As Ramirez's
8         suit does not threaten to advance his parole date, his challenge to
         his disciplinary hearing is properly brought under § 1983.
9

10  334 F.3d at 859.

11        In the pending habeas action, petitioner argues that his 2008 psychological

12  evaluation is defective and will cause the Board to deny him parole in the future. The argument

13  is not persuasive. Even if the court were to order the expungement of the psychological

14  evaluation from petitioner's file, that will not necessarily shorten the length of his confinement.

15  As other courts have concluded, parole can properly be denied on many different grounds based

16  upon the entire record available to the Board. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.

17  1997). See also Calderon-Silva v. Uribe, No. SACV 09-832 MMM(JC), 2010 WL 5392895, at

18  *3 (C.D. Cal. Aug. 31, 2010) ("Although a disciplinary conviction may not help an inmate who

19  is seeking release on parole, it is only one of a myriad of considerations relevant to a parole

20  decision and does not inevitably affect the length of the prisoner's sentence."); Ngo v. Solis, No.

21  C 04-01627 JF (PR), 2010 WL 2985082, at *2 (N.D. Cal. July 26, 2010) (dismissing habeas

22  action which sought expungement of a negative evaluation report which was prepared for

23  petitioner's parole hearing because expungement would not necessarily accelerate his release on

24  parole and his claims were more appropriately addressed in a civil rights action); Sheley v. Uribe,

25  No. 09-CV-2221-WQH (JMA), 2010 WL 3747874, at *3 (S.D. Cal. June 21, 2010) ("While

26  Petitioner contends that his parole eligibility could be affected by the disciplinary charge . . . this

is merely speculative."); Beasley v. Jacquez, No. C 09-2830 MMC (PR), 2010 WL 1526040, at *2 (N.D. Cal. April 14, 2010) (rejecting petitioner's argument that his gang validation and indeterminate confinement in administrative segregation affects the duration of confinement because even if overturned, "such actions would not guarantee his release on parole"); but see Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (recommending that motion to dismiss habeas action be denied because reversal or expungement of rules violation in that case was likely to accelerate eligibility for parole where in denying parole the Board specifically warned petitioner that he should become disciplinary free).

Here, the impact of the 2008 psychological evaluation upon petitioner's future parole suitability determinations is too speculative. Petitioner contends that his 2001 psychological evaluation is more reliable and in that evaluation, his "violence potential" was determined to be "low in comparison to a prison population . . . . [and] average for men in general." (Doc. No. 1 at 41.) However, the court would note that even with what petitioner contends was a more favorable psychological evaluation, petitioner was found to be unsuitable for parole. Because petitioner has not shown that the challenged psychological report will likely accelerate his release on parole, the court lacks habeas jurisdiction over this action and respondents' motion to dismiss should be granted. See Ramirez, 334 F.3d at 858; Bostic, 884 F.2d at 1269.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondents' August 16, 2010 motion to dismiss the pending petition due to the lack of habeas jurisdiction over the action (Doc. No. 10), be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: January 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
stra1311.mtd

7